IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ALLYSON DROZD,                              No. 3:17-cv-00556-HZ

           Plaintiff,              OPINION & ORDER

    v.

JEFFREY McDANIEL,

           Defendant.

Michael E. Rose
Beth Ann Creighton
Laura Koistinen
Creighton & Rose, P.C.
Powers Building
65 SW Yamhill Street, Suite 300
Portland, OR 97204-3005

Sean J. Riddell
2905 NE Broadway
Portland, OR 97232

    Attorneys for Plaintiff

1 – OPINION & ORDER

Rebeca A. Plaza
J. Scott Moede
Robert T. Yamachika
Portland City Attorneys Office
1221 SW 4th Ave, Rm 430
Portland, OR 97204

    Attorneys for Defendant

HERNÁNDEZ, District Judge:

Before the Court is Defendant Jeffrey McDaniel's Bill of Costs. For the following reasons, the Court denies Defendant's bill of costs.

## BACKGROUND

Plaintiff filed this action alleging Section 1983 claims for violations of their[1] Fourth Amendment and First Amendment rights against individual defendants Jeffrey McDaniel, Larry Graham, and Kyle Smith. Second Am. Compl., ECF 17. They also brought battery, negligence, and intentional infliction of emotional distress claims against the City of Portland and Multnomah County and *Monell* claims against the City of Portland. *Id.* Multnomah County and Kyle Smith were dismissed as defendants after the parties reached a settlement agreement. ECF 82. Plaintiff also dismissed their claims against Larry Graham and *Monell* claims against the City of Portland. Findings and Recommendation at 4, ECF 90.

On December 19, 2019, Judge Russo issued a Findings and Recommendation granting Defendant's Motion for Summary Judgment in part. ECF 90. The Court adopted Judge Russo's Findings and Recommendation and dismissed Plaintiff's negligence and IIED claims against the City of Portland. ECF 100. Prior to the commencement of trial, Plaintiff voluntarily withdrew their battery claim against the City of Portland. Minutes of Proceedings, ECF 157. The

---

[1] Plaintiff uses the singular personal pronouns they/them/theirs.

2 – OPINION & ORDER

remaining claims for trial were the Fourth Amendment excessive force claim and First Amendment retaliation claim against Jeffrey McDaniel. After a three-day trial, beginning October 6, 2020, the jury deliberated and was deadlocked. Minute of Proceedings, ECF 160. The Court declared a mistrial. *Id.*

On June 15, 2021, the parties retried the case. Minutes of Proceedings, ECF 213. The jury returned a verdict for Defendant Jeffrey McDaniel. Jury Verdict, ECF 217. Defendant filed a Bill of Costs and seeks costs in the amount of $7,688.22.[2] ECF 221, 227. Plaintiff objects to Defendant's Bill of Costs. ECF 224.

## STANDARDS

Under Rule 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise, costs ... should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "By its terms, the rule creates a presumption in favor of awarding costs to the prevailing party." *Ass'n of Mexican–Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000). "[I]f a district court wishes to depart from that presumption, it must explain why so that the appellate court will be able to determine whether or not the trial court abused its discretion." *Id.* at 593 (citations and quotation marks omitted). "Appropriate reasons for denying costs include: (1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014) (citing *Ass'n of Mexican–Am. Educators*, 231 F.3d at 592–93).

//

---

[2] Defendant amended the amount requested in its reply to Plaintiff. *See* Def. Reply at 10, ECF 227.

3 – OPINION & ORDER

**DISUSSION**

Defendant request $7,688.22 in costs. Plaintiff argues that taxation of costs is inequitable and risks chilling future litigants. In the alternative, they argue that a portion of the costs claimed by Defendant are unreasonable. Considering the non-exclusive factors identified by the Ninth Circuit in *Ass'n of Mexican–Am. Educators v. California* the Court declines to award costs in this case.

First, the Court addresses Plaintiff's limited financial means. Plaintiff objects to the taxation of costs based on their limited financial resources. Defendant argues that the Court should not consider Plaintiff's financial circumstances because they did not provide adequate documentation or declare that they are indigent.

"A plaintiff's financial status is an appropriate consideration when determining whether to award costs to a prevailing defendant." *Hoppman v. Liberty Mut. Ins. Co.*, No. 3:17-CV-00402-BR, 2018 WL 2432943, at *3 (D. Or. May 30, 2018) (citation omitted). Costs are properly denied when a plaintiff "would be rendered indigent should she be forced to pay" the amount assessed. *Escriba*, 743 F.3d at 1248 (citing *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir.1999)).

Plaintiff has been unemployed since 2017 and earned approximately $5,000 in the last year providing pet services. Drozd Decl. ¶ 2–3, ECF 225. Plaintiff receives food stamps and is enrolled in Oregon's Medicaid health care program. *Id.* ¶ 4; *Id.* Ex. 1, ECF 225-1. Plaintiff has no significant assets. *Id.* Plaintiff received a settlement from their case against Multnomah County and Kyle Smith. *Id.* ¶ 5. Plaintiff declares that they "still have a small amount of those funds." *Id.* ¶ 5. The amount requested by Defendant exceeds Plaintiff's last 12 months of income. *Id.* ¶ 3.

The court rejects Defendant's argument that insufficient evidence supports Plaintiff's claims. Plaintiff submitted a sworn declaration regarding their financial circumstances and evidence that they are enrolled in two state programs reserved for people with low and no income. The Court finds Plaintiff's limited means and the obvious economic disparity between the parties weigh against taxing them with Defendant's costs.

The closeness of the issues in this case favors neither party. Plaintiff's case survived summary judgment and initially resulted in a hung jury and a mistrial. However, at the second trial, the jury had the benefit of evidence not admitted at the first trial and returned a verdict in under an hour. *See Draper v. Rosario*, 836 F.3d 1072, 1088 (9th Cir. 2016) (considering whether a case survived summary judgment and how long the jury deliberated).

Next, the Court finds that taxing costs in this case presents a danger of chilling future civil rights litigants in the context of public protests. The Court notes, however, that this was not a case of substantial public importance. It did not raise novel legal issues or have the potential to effect thousands of people across the state. *See Ass'n of Mexican-Am. Educators*, 231 F.3d at 593 (finding that the district court did not abuse its discretion by refusing to award costs where the case presented "issues of the gravest public importance" and affected "tens of thousands of Californians and the state's public school system as a whole"); *see also Escriba*, 743 F.3d at 1248 (finding no error where the district court relied on statements that a case brought by a single plaintiff had potentially "broad application to the workplace" and helped establish parameters in employment law). Still, Plaintiff's case concerned an issue of significance in this community—the use of force and exercise of First Amendment rights at public demonstrations. Accordingly, the Court finds that an award of costs has the potential to chill other civil rights litigants, particularly those of limited means.

5 – OPINION & ORDER

Defendant argues that an award of costs in this case would not have a chilling effect because the amount sought "is a relatively small sum by federal court cost standards." Def. Reply Brief at 4. However, the Ninth Circuit rejected a similar argument that only large awards have a chilling effect and found that "even modest costs can discourage potential plaintiffs who . . . earn low wages." *Escriba*, 743 F.3d at 1249.

The Court finds that Plaintiff's limited financial resources and the significant issues presented in this case are sufficient grounds for the court to exercise its discretion to refuse an award of costs. *See Ass'n of Mexican–Am. Educators*, 231 F.3d at (finding Rule 54(d)(1) "vests in the district court discretion to refuse to award costs.").

## CONCLUSION

The Court denies Defendant's Bill of Costs [221].

IT IS SO ORDERED.

DATED: September 14, 2021.

MARCO A. HERNÁNDEZ
United States District Judge